UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RAJESH DOSHI,

    Defendant.

_____/

Case No. 13-cr-20349

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

## ORDER GRANTING DEFENDANT'S MOTION FOR A JUDICIAL RECOMMENDATION TO HOME CONFINEMENT [143]

On October 31, 2016, the Court sentenced Rajesh Doshi to 84 months (7 years) in the custody of the Bureau of Prisons ("BOP"), for his violations of 18 U.S.C. § 1349 and § 1347, health care fraud conspiracy and health care fraud. Defendant now moves the Court to recommend that the BOP place him in home confinement for the remainder of his sentence, to protect him from contracting or transmitting SARS-COV-2. The Court grants his motions and recommends to the BOP that Rajesh Doshi be placed in home confinement pursuant to 18 U.S.C. 3642(c).

### DISCUSSION

Defendant is 64 years old and suffers from diabetes and hypertension. Doshi would typically not be eligible for home confinement based on the duration of his

time served. Legislation enacted on March 27, 2020, however, temporarily permits the Attorney General to "lengthen the maximum amount of time for which [it] is authorized to place a prisoner in home confinement" under § 3624(c)(2). Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), § 12003(b)(2) (enacted Mar. 27, 2020). As both parties recognize, the authority to make this determination is squarely allocated to the Attorney General, under whose authority is the Bureau of Prisons. That being said, the BOP routinely relies on judicial recommendations that express the district judge's determination of how a defendant should serve his time.

18 U.S.C. § 3621(b) gives the Bureau of Prisons a list of factors to consider when determining where to house an incarcerated person, their security designation, and their mental and medical needs. One of the factors is "any statement by the Court that imposed the sentence"

> **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> **(B)** recommending a type of penal or correctional facility as appropriate[.]
> 18 U.S.C. § 3621(b)(4).

Indeed, at the time of his sentencing, the Court made a recommendation that Defendant serve his time at FMC Lexington or FCI Morgantown, and that he should not be directed to report to the designated facility before December 17, 2016. (See Dkt. 121). The Government is of course correct that "federal district courts do not retain authority to amend sentences at any time and for whatever reason," (Dkt. 144,

pg. 2), but it cites no authority that district courts cannot amend or supplement their judicial recommendation in light of the interplay of changing circumstances and factors considered at sentencing. Doshi's medical problems were at issue at the time of sentencing. (See, e.g. Dkt. 117, pg. 8). The threat of COVID-19 within prisons has amplified the risks associated with those ailments. The Court finds that Doshi is among those who should have their incarceration converted to home confinement, consistent with Congress's determination that the home confinement qualifications should be expanded during the emergency period. See CARES ACT § 12003(b)(2).

The Government is correct that Doshi should raise his petition with the BOP. The BOP will have the Court's recommendation to consider in making its determination. The Court finds that Doshi presents a *de minimis* risk of recidivism. Medicare fraud is not a solitary crime but requires access to resources, accomplices, and, above all, trust. Doshi has lost all of that, and he demonstrated during his five years on bond the ability to distance himself from those criminal habits and networks. Further, Doshi's electronic communications and bank accounts can be curtailed or monitored to prevent him from engaging in fraudulent activities while in home confinement as on supervised release.

Finally, the public safety rationale paramount in sentencing militates towards Doshi's quick transfer to home confinement. Though the Court does not doubt that the BOP is doing everything in its power to slow the spread of SARS-COV-2 within

its facilities, the high density of prison populations makes federal prisons ideal transmission grounds for the virus. *See, e.g.* Kimberly Kindy, *An Explosion of Coronavirus Cases Cripples a Federal Prison in Louisiana*, THE WASHINGTON POST (March 29, 2020) https://www.washingtonpost.com/national/an-explosion-of-coronavirus-cases-cripples-a-federal-prison-in-louisiana/2020/03/29/75a465c0-71d5-11ea-85cb-8670579b863d_story.html. District courts have also recognized "the health risks—to inmates, guards, and the community at large—created by large prison populations." *United States v. Garlock*, No. 18-CR-00418-VC-1, 2020 WL 1439980, at *1 (N.D. Cal. Mar. 25, 2020) (collecting cases); *see also Basank v. Decker*, No. 20 CIV. 2518 (AT), 2020 WL 1481503, at *6 (S.D.N.Y. Mar. 26, 2020) (holding that "public health and safety are served best by rapidly decreasing the number of individuals detained in confined, unsafe conditions.").

Finding that Doshi poses little threat of recidivism and that his home confinement will benefit public safety, the Court is unpersuaded by the Government's concerns about Doshi "jumping the line." There should be no line. If there are reasons that Doshi's home confinement would cause another prisoner to lose access to home confinement, the Government's brief does not identify them. Unlike more violent offenders, Doshi poses little threat to local law enforcement. The Government should welcome such judicial recommendations from district courts, which have already considered the likelihood of recidivism, health, character,

and family support of individual inmates. See 18 U.S.C. 3553(a) (listing factors to be considered by a sentencing court). Rather than moving Doshi "up in line," this recommendation should free up screening and vetting resources that could be used to determine the eligibility of other prisoners for home confinement.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Judicial Recommendation for Home Confinement [143] is **GRANTED**. If, after considering Doshi's application, the BOP chooses to disregard this recommendation, it should file a written explanation of its rationale within 72 hours of its decision.

**SO ORDERED**.

Dated: March 31, 2020

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge