UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

       Plaintiff,                      Criminal No. 13-CR-20349

                                        HON. ARTHUR J. TARNOW

v.

D-1 RAJESH DOSHI,

       Defendant.

_____

**DEFENDANT'S EMERGENCY MOTION FOR
COMPASSIONATE RELEASE**
_____

NOW COMES Defendant, by and through his attorney, Anjali Prasad, and respectfully requests that the Court order his compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by § 603(b)(1) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).

                                                  Respectfully Submitted,

                                                  /s/ Anjali Prasad
                                                  ANJALI PRASAD (P75771)
                                                  Prasad Legal, PLLC
                                                  117 W. Fourth Street, Suite 201
                                                  Royal Oak, MI 48067
                                                  (248) 733-5006
                                                  aprasad@prasadlegal.com

April 28, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

       Plaintiff,                    Criminal No. 13-CR-20349

                                  HON. ARTHUR J. TARNOW

v.

D-1 RAJESH DOSHI,

       Defendant.

_____

**BRIEF IN SUPPORT OF DEFENDANT'S EMEREGENCY MOTION FOR COMPASSIONATE RELEASE**

_____

The First Step Act ("FSA") expressly permits Defendant Rajesh Doshi to move this Court for compassionate release from FCI Morgantown due to his age and chronic health conditions, which put him at a higher risk of contracting COVID-19 and falling severely ill. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Under the amended statute, a district court can reduce a sentence for "extraordinary and compelling reasons" in two circumstances: (i) upon motion of the Director of the Bureau of Prisons; or (ii) upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request

2

by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). *See United States v. Cantu,* No. 05-cr-458, 2019 U.S. Dist. LEXIS 100923, at *6-12 (S.D. Tex. June 17, 2019) ("[u]nder the newly amended § 3582(c)(1)(A) [defendant] has standing to bring this motion "because more than 30 days elapsed between his reduction-in-sentence request to the warden and a response").

The Court may also waive the exhaustion requirement if a recognized exception applies. *See, e.g., United States v. Coles,* No. 18-cr-20254, 2020 U.S. Dist. LEXIS 67591 (E.D. Mich. April 17, 2020); *Miller v. United States,* No. CR 16-20222-1, 2020 U.S. Dist. LEXIS 62421 (E.D. Mich. April 9, 2020); *United States v. Zukerman,* No. 16 CR. 194 (AT), 2020 U.S. Dist. LEXIS 59588 (S.D.N.Y. April 3, 2020); *United States v. McCarthy,* No. 3:17-CR-0230 (JCH), 2020 U.S. Dist. LEXIS 61759 (D. Conn. Apr. 8, 2020); *United States v. Perez,* No. 17 CR. 513-3 (AT), 2020 U.S. Dist. LEXIS 57265 (S.D.N.Y. Apr. 1, 2020). These exceptions include a finding that exhaustion would be futile or would subject the individual to undue prejudice. *Miller,* No. CR 16-20222-1, 2020 U.S. Dist. LEXIS 62421 at *2-3 (holding these exceptions to the exhaustion requirement were present and granting petitioner's release) (quoting *Washington v. Barr,* 925 F.3d 109, 118 (2d Cir. 2019)).

Both exceptions to the exhaustion requirement apply here. First, on March 27, 2020, Doshi moved the Court to recommend BOP place him in home confinement for the remainder of his sentence, to protect him from contracting or transmitting COVID-19. (ECF No. 143). The Court granted defendant's motion and made this recommendation to BOP pursuant to 18 U.S.C. §3642. (ECF No. 145). Within 72 hours of the Court's Order, BOP flatly stated, "Doshi would not be granted home confinement at this time." (ECF No. 146). Doshi and his family members were informed of the same directly by BOP. Thus, Doshi's request for early release from prison based on the COVID-19 pandemic fell on deaf ears. Requiring him to submit a second request, merely reiterating what the Court's order already recommended, would be futile. *See Samy v. United States*, No. CR 16-20610-1, 2020 U.S. Dist. LEXIS 66864 (E.D. Mich. April 16, 2020) (finding waiver where BOP "has already determined the issue"); *Miller v. United States,* No. CR 16-20222-1, 2020 U.S. Dist. LEXIS 62421 (E.D. Mich. April 9, 2020) (finding the same); *United States v. Gonzalez,* No. 2:18-CR-0232-TOR-15, 2020 U.S. Dist. LEXIS 56422 (E.D. Wash. Mar. 31, 2020) (finding the same).

Second, any further delay in releasing Doshi under the circumstances would unduly prejudice him. COVID-19 is spreading at rapid and

unprecedented rates. On March 26, 2020, BOP reported only ten inmate cases and eight staff cases of COVID-19 across all BOP facilities. One month later, on April 27, 2020, there are 799 federal inmates and 319 BOP staff who have confirmed cases of COVID-19.[1] These number are likely higher, as testing is only administered to inmates that manifest symptoms. *See, e.g., In the Matter of the Extradition of Manrique,* 2020 U.S. Dist. 16397, at *2 (N.D. Cal. Mar. 19, 2020) ("screening people based on observable symptoms is just a game of catch up").

Time is of the essence. Requiring Doshi to exhaust administrative remedies, given his vulnerability to COVID-19 and the exigency of a rapidly advancing pandemic, could result in catastrophic health consequences and irreparable harm. *See United States v. Coles,* No. 18-cr-20254, 2020 U.S. Dist. LEXIS 67591 (E.D. Mich. April 17, 2020); *Miller v. United States,* No. CR 16-20222-1, 2020 U.S. Dist. LEXIS 62421 (E.D. Mich. April 9, 2020); *United States v. Zukerman,* No. 16 CR. 194 (AT), 2020 U.S. Dist. LEXIS 59588 (S.D.N.Y. April 3, 2020); *United States v. Wilson Perez,* No. 17-CR-51303 (AT), 2020 U.S. Dist. LEXIS 57265 AT *3 (S.D.N.Y. APR. 1, 2020) (waiving exhaustion requirement where defendant already at "significant risk of suffering catastrophic health consequences" due to COVID-19

---

[1] BOP Coronavirus Daily Count available at https://www.bop.gov/coronavirus/

pandemic). Accordingly, the Court should waive the exhaustion requirement here because, as demonstrated by BOP's blunt response to the Court's judicial recommendation for Doshi's home confinement, exhaustion in this case would prove futile. And, it could also prove fatal.

Conditions of confinement create a serious risk for the spread of COVID-19, even among a healthy population.[2] Although BOP may be doing everything in its power to slow the spread of COVID-19 within its facilities, the high density of prison populations makes federal prisons ideal transmission grounds for the virus. *See, e.g.* Kimberly Kindy, *An Explosion of Coronavirus Cases Cripples a Federal Prison in Louisiana, THE WASHINGTON POST* (March 29, 2020). *See also* Claudia Lauer & Colleen Long, *US Prisons, Jails On Alert for Spread of Coronavirus, Associated Press* (Mar. 7, 2020). Moreover, in jails, "[t]he probability of transmission of potentially pathogenic organisms is increased by crowding, delays in medical evaluation and treatment, rationed access to soap, water, and clean laundry, [and] insufficient infection-control expertise." Joseph A. Bick

---

[2] *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities,* CENTER FOR DISEASE CONTROL (March 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guideance-correctional-detention.html.

(2007), *Infection Control in Jails and Prisons, Clinical Infections Disease*s 45(8): 1047-1055, https://academic.oup.com/cid/article/45/8/1047/344842.

Doshi squarely fits the definition of an individual who has a higher risk of contracting and falling severely ill from COVID-19.  Doshi turns 65 in October, and suffers from a myriad of health conditions, including diabetes, hypertension, osteoporosis, degenerative arthritis, and other musculoskeletal conditions.  Prior to his November 2018 surrender to BOP, Doshi was prescribed the following medications:  Alendronate Sodium, aspirin, atorvastatin (LIPITOR), Biotin, gabapentin (NEURONTIN), lisinopril (PRINIVIL ZESTRIL), loratadine (CLARITIN), metformin (GLUCOPHAGE), Omega-3 Fatty Acids, omeprazole (PRILOSEC), ranitidine (ZANTAC), sitagliptin (JANUVIA), and LORAZEPAM (ATIVAN).  *See Exhibit A (Doshi Medical Notes, 7/11/2018, filed under seal).*  In BOP custody, Doshi receives these prescription medications for the following ailments: Losartan (hypertension), Metformin (diabetes), Albuterol Inhaler (asthma), Lipitor (coronary artery syndrome and hyperlipidemia), Aspirin (coronary artery syndrome), Cymbalata (peripheral neuropathy and depression), Flomax (prostate hypertrophy).  Doshi reports that he is permitted to keep his inhaler with him, and that he uses it multiple times daily.

7

In short, Doshi is not a healthy individual. His poor health was well-documented in Doshi's PSIR (*See PSIR,* Paragraph 4), and his medical problems were at issue at the time of sentencing, *See, e.g.* ECF No. 117, p. 8, when the Court made a recommendation that Doshi serve his time at FMC Lexington or FCI Morgantown. *See* ECF No. 121. Given the highly infectious nature of COVID-19, the failure of BOP to stop the spread (in spite of its best efforts), the inability of Doshi to practice any of the hygienic and social distancing techniques that CDC has advised to prevent rapid transmission, and the fact that his age and medical history render him at higher risk, this Court should find Doshi's legitimate medical risk is a sufficiently extraordinary and compelling basis to grant compassionate release. See U.S.C. §3582(c).[3]

Furthermore, the persuasive precedent for granting compassionate release amidst the COVID-19 pandemic is overwhelming. *United States v. Sawicz,* Case No. 08-cr-287 (ARR) 2020 U.S. Dist. LEXIS 64418, at *6 (E.D. N.Y. April 10, 2020) (COVID-19 pandemic, combined with defendant's particular vulnerability to complications from COVID-19

---

[3] The Sentencing Commission has provided guidance about what constitutes "extraordinary and compelling reasons" in Section 1B1.13 of the Sentencing Guidelines. U.S.S.G. §1B1.13. These reasons are classified in four categories: (1) the defendant's medical condition; (2) the defendant's age; (3) family circumstances; and (4) additional reasons "other than, or in combination with" the first three elements. *Id.* at cmt. N. 1(A)-(D).

8

because of his hypertension constitutes an "extraordinary and compelling" reason for his compassionate release"); *United States v. Williams,* Case No. 04-cr-095/MCR, 2020 U.S. Dist. LEXIS 63824, at *7 (N.D. Fla. April 1, 2020) ("[A]n outbreak of COVID-19 in Williams' facility would likely have fatal consequences for him. Based on these facts, the Court finds that Williams' deterioration in physical health is sufficiently serious to satisfy the medical criteria for a reduction in sentence."); *United States v. Gonzalez,* No. 2:18-CR-0232-TOR-15, 2020 U.S. Dist. LEXIS 56422, at *3 (E.D. Wash. Mar. 31, 2020) ("Defendant is the most susceptible to the devastating effects of COVID-19. She is in the most susceptible age category (over 60 years of age) and her COPD and emphysema make her particularly vulnerable … compassionate release granted."); *United States v. Campagna,* No. 16 Cr. 78-01 (LGS), 2020 U.S. Dist. LEXIS 54401, at *3 (S.D.N.Y. Mar. 27, 2020) ("Defendant's compromised immune system, taken in concert with the COVID-19 public health crisis, constitutes an extraordinarily and compelling reason to modify Defendant's sentence on the grounds that he is suffering from a serious medical condition that substantially diminishes his ability to provide self-care within the environment of the RCC."); *United States v. Muniz,* No. 4:09-CR-0199-1, 2020 U.S. Dist. LEXIS 59255, at *2 (S.D. Tex. Mar. 30, 2020) ("Because

Defendant is at high-risk for severe illness from COVID-19 and because inmates in detention facilities are particularly vulnerable to infection, the Court finds that Defendant has demonstrated an extraordinary and compelling reason for compassionate release.").

There is no question Doshi's continued incarceration under the current circumstances places himself as well as FCI Morgantown at higher risk every day. *See United States v. Garlock,* No. 19-CR-00418-VC-1 (N.D. Cal. Mar. 25, 2020 (recognizing health risks to inmates, guards, and community at large created by large prison populations). To the extent the government argues that Doshi may be "jumping the line" (as it did when it opposed Doshi's judicial request for home confinement), there is no reason any prisoner would lose access to home confinement should Doshi be released. To the contrary, during this unprecedented pandemic, institutions with large prison populations should welcome a decrease in number of high-risk individuals confined therein. See *Basank v Decker,* No. 20 CIV. 2518 (AT) (S.D.N.Y. Mar. 26, 2020) (holding public health and safety are served best by rapidly decreasing number of individuals in confined conditions). Nor may the government claim releasing Doshi will somehow put a strain on local law enforcement and/or government personnel from having to watch over Doshi while he is confined to his home, since this Court has expressly

10

found, "Doshi presents a de minimis risk of recidivism." (ECF. No. 145, Order Granting Defendant's Motion for a Judicial Recommendation to Home Confinement). Thus, Doshi's release is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). *See* 18 U.S.C. § 3553(a) (listing factors to be considered by sentencing court).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests this Honorable Court grant his Motion for Compassionate Release.

Respectfully Submitted,

/s/ Anjali Prasad
ANJALI PRASAD (P75771)
Prasad Legal, PLLC
117 W. Fourth Street, Suite 201
Royal Oak, MI 48067
(248) 733-5006
aprasad@prasadlegal.com

Dated: April 28, 2020

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing paper with the Clerk of the Court using the ECF system that will send notification of such filing to all registered parties.

/s/ Anjali Prasad
Anjali Prasad (P75771)