UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

RAJESH DOSHI,

        Defendant.
_____/

Case No. 13-cr-20349

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER GRANTING DOSHI'S EMERGENCY MOTION FOR RELEASE FROM CUSTODY [147] AND REDUCING HIS SENTENCE TO TIME SERVED**

On October 31, 2016, the Court sentenced Rajesh Doshi to 84 months (7 years) in the custody of the Bureau of Prisons ("BOP"), for his violations of 18 U.S.C. § 1349 and § 1347, health care fraud conspiracy and health care fraud. Defendant moved the Court to recommend that he be placed in home confinement on March 27, 2020. (ECF No. 143). The Court granted his request (ECF No. 45), but the BOP declined to transfer Doshi to home confinement. (ECF No. 146). Doshi has now moved for Compassionate Release under 18 U.S.C. § 3582(c)(1). (ECF No. 147). His motion will be granted, for the reasons below and the reasons explicated on the record on the May 5, 2020 and May 19, 2020 hearings.

## BACKGROUND

Doshi was charged in May 2013 and pled guilty in November 2014. During this time, he travelled back and forth from India several times and assisted the Government in prosecuting other health care fraud cases. On October 31, 2016, the Court sentenced Rajesh Doshi to 84 months (7 years) in the custody of the Bureau of Prisons ("BOP"), for his violations of 18 U.S.C. § 1349 and § 1347, health care fraud conspiracy and health care fraud. (ECF No. 121).

Doshi remained on bond after his sentencing, and, with the Government's consent, he did not self-surrender until November 30, 2018. His expected release date is November 15, 2023. Doshi moved for compassionate release on April 28, 2020. (ECF No. 147). The motion was fully briefed, and the Court held a hearing on May 5, 2020, at which time the Court ordered that Doshi be placed in anticipatory quarantine in case the Court should decide to grant his motion at the next hearing, 14 days later, on May 19, 2020. The Government, on May 7, 2020, filed a Notice as to BOP Policies that explained that FCI Morgantown, where Doshi is being held, does not have a separate quarantine area, but that prisoners are medically evaluated prior to their release. (ECF No. 152). The Court held a second hearing on May 19, 2020 and ordered that Doshi be released immediately to quarantine at home.

## ANALYSIS

Doshi moves for compassionate release. The applicable statute reads as follows:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that--
> **(1)** in any case--
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> **(i)** extraordinary and compelling reasons warrant such a reduction;

18 U.S.C.A. § 3582.
!
Doshi has not fully exhausted his administrative remedies. His petition to the BOP was denied on May 5, 2020. An appeals process may be available, although the denial letter is not on the record. The Court will not wait for any appeal. District courts, including this one, have interpreted the exhaustion requirement of § 3582(c) as flexible. *United States v. Perez*, No. 17 CR. 513-3 (AT), 2020 WL 1546422, at *2 (S.D.N.Y. Apr. 1, 2020), *accord United States v. Zukerman*, No. 16 CR. 194 (AT), 2020 WL 1659880, at *2 (S.D.N.Y. Apr. 3, 2020). Pursuing agency review would waste valuable time in escaping a virus whose infection rate can double every day. *Miller v. United States*, No. CR 16-20222-1, 2020 WL 1814084, at *3 (E.D.

Mich. Apr. 9, 2020); *see also United States v. Coles*, No. 18-CR-20254, 2020 WL 1899562, at *5 (E.D. Mich. Apr. 17, 2020). It would be futile, prejudicial, and defeat the goals of § 3582, to require Doshi to wait indefinitely for an appeal when the relief he needs is time-sensitive: to escape the path of the virus before it is too late.

The Court then has three questions to answer: first, whether extraordinary and compelling reasons warrant a reduction in sentence, second, whether Defendant poses a danger to the community, and third, whether a sentence reduction is consistent with the § 3553(a) factors. *United States v. Amarrah*, No. 17-20464, 2020 WL 2220008, at *4 (E.D. Mich. May 7, 2020).

1. Extraordinary and Compelling Reasons

As for the first question, the Compassionate Release statute directs courts to consider the United States Sentencing Guidelines ("U.S.S.G."). U.S.S.G. 1B1.13 provides several qualifying elements of the "extraordinary and compelling reasons" for a sentence reduction. Only the first one—the medical condition of the Defendant—is relevant to this motion.

> **(A) Medical Condition of the Defendant.--**
> **(i)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> **(ii)** The defendant is--
> **(I)** suffering from a serious physical or medical condition,
> **(II)** suffering from a serious functional or cognitive impairment, or

> **(III)** experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. 1B1.13

The compelling logic of the pandemic response has forced institutions at every level of society to adapt in extraordinary ways. For prisoners with preexisting conditions, COVID-19 is too often fatal. Unsurprisingly then, many courts, including this one, have held that preexisting conditions that put a prisoner at danger from COVID-19 qualify as "extraordinary and compelling." A serious physical or medical condition from which a defendant is not expected to recover—in combination with a rapidly transmittable virus that thrives in institutional settings—diminishes a defendant's ability to provide self-care. *Amarrah*, 2020 WL 2220008 at *6; *United States v. Saad*, No. 16-20197, 2020 WL 2251808, at *6 (E.D. Mich. May 5, 2020); *Miller v. United States*, No. 16-20222, 2020 WL 1814084, at *3 (E.D. Mich. Apr. 9, 2020); *United States v. Colvin*, No. 3:19CR179 (JBA), 2020 WL 1613943, at *4 (D. Conn. Apr. 2, 2020); *United States v. Perez*, No. 17 CR. 513-3, 2020 1546422, at *4 (S.D.N.Y. Apr. 1, 2020). Elderly prisoners or prisoners with preexisting conditions may reasonably fear that their inability to follow recommended social distancing protocols can be life-threatening.

Doshi is both elderly and suffers from preexisting conditions. At 64-years-old, Doshi relies on numerous prescriptions: Losartan (hypertension), Metformin (diabetes), Albuterol Inhaler (asthma), Lipitor (coronary artery syndrome and hyperlipidemia), Aspirin (coronary artery syndrome), Cymbalata (peripheral neuropathy and depression), and Flomax (prostate hypertrophy). Doshi reports that he keeps his inhaler with him and uses it several time per day and produces as an exhibit is a July 11, 2018 medical report that he sought medical help for shortness of breath. The treating physician noted his diabetes mellitus and hyperlipidemia but noted that his electrocardiogram results were unremarkable. (ECF 148, PageId.989).

Though Doshi falls five months short of the age 65 threshold identified by the CDC as a risk-factor, diabetes and asthma are both risk factors for all ages. CDC, Coronavirus: People Who are at Higher Risk, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html; *see also Saad*, 2020 WL 2251808, at *1. There is also a growing scientific consensus that hypertension may be a risk factor. *United States v. Sanders*, No. 19-cr-20288, ECF No. 35, Page.ID 202–203 (E.D. Mich. Apr. 17, 2020) (collecting cases and research).

The Government has responded that the facility where Doshi is held, FCI Morgantown, has zero confirmed cases of COVID-19. This fact is meaningless, however, for there is no evidence of how many inmates have been tested. "Zero

confirmed COVID-19 cases is not the same thing as zero COVID-19 cases." *Amarrah*, 2020 WL 2220008 at *6 (citing Sadie Gurman, *More Than 70% of Inmates Tested in Federal Prisons Have Coronavirus*, The Wall Street Journal (Apr. 30, 2020), https://www.wsj.com/articles/more-than-70-of-inmates-tested-in-federalprisons-have-coronavirus-11588252023.).

Doshi's age and health put him at great risk of COVID-19. The Court will not force Doshi to wait until there is an outbreak at his facility before determining that the pandemic represents an extraordinary and compelling reason for his release.

2. Danger to the Community

Federal Sentencing Guideline 1B1.13 provides for compassionate release only when "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." The Court already found, when it released him on bond pending trial and sentencing, that Doshi satisfied the § 3142(g) danger to the community factor. (ECF No. 10).

The Court found again, when ruling on his Motion for a Judicial Recommendation for Home Confinement, that Doshi was not a danger to the community

> Medicare fraud is not a solitary crime but requires access to resources, accomplices, and, above all, trust. Doshi has lost all of that, and he demonstrated during his five years on bond the ability to distance himself from those criminal habits and networks. Further, Doshi's electronic communications and bank accounts can be curtailed or monitored to

prevent him from engaging in fraudulent activities while in home confinement as on supervised release.

(ECF NO. 145, pg. 3).

Upon his return to the community, Doshi will be on supervised release. He has already demonstrated, while on bond, that he is capable of working with Court supervision. That supervision will continue, and, at least initially, Doshi will be subject to home confinement, including strict limitations on his financial decisions and business ventures. He will not be given an opportunity to manipulate straw-buyers while on supervised release, and the Court is confident that his days of medical benefits fraud are behind him.

3. Section 3553(a) Factors

A district court contemplating a motion for compassionate release must consider the § 3553(a) sentencing factors. Those are as follows:

> **(a) Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> **(2)** the need for the sentence imposed--
> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> **(B)** to afford adequate deterrence to criminal conduct;
> **(C)** to protect the public from further crimes of the defendant; and
> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> **(3)** the kinds of sentences available;

**(4)** the kinds of sentence and the sentencing range established for--
**(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

18 U.S.C.A. § 3553.

The Court's consideration of these factors is explicated both in this opinion's analysis of U.S.S.G. 1B1.13 and on the record of the May 5 and May 19, 2020 hearings.

## CONCLUSION

**IT IS ORDERED** that Defendant's Emergency Motion for Release from Custody [147] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's sentence of imprisonment be reduced to time served. Doshi shall be released within 24-hours of the entry of this Order.

**IT IS FURTHER ORDERED** that upon release Doshi will begin his term of **SUPERVISED RELEASE**, as outlined by the October 31, 2016 Judgment. (ECF No. 121). Defendant's Special Conditions of Supervised Release are **MODIFIED** to provide that Doshi shall fully comply with any applicable state stay-at-home orders or public health restrictions.

**SO ORDERED**.

Dated: May 20, 2020

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge